## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION
www.flmb.uscourts.gov

In re:                                                                                          Case No. 2:25-bk-01779-FMR
                                                                                                Chapter 13
Randolph Clay
Monica Mills Clay

   Debtors.
_____/

## TRUSTEE'S UNFAVORABLE RECOMMENDATION
## AND OBJECTIONS TO CONFIRMATION OF THE PLAN

TO:  Clerk, United States Bankruptcy Court

     1.      The Debtors' Petition for Relief to Chapter 13 was filed on September 11, 2025.

     2.      <u>Trustee's Recommendation to the Court</u>.  The Trustee cannot recommend confirmation of the Chapter 13 Plan at this time for the following reason(s):

     3.      It does not appear that the Debtors have dedicated all disposable income to the proposed Plan as required by 11 U.S.C. §1325(b)(1)(B).

        a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have dedicated all disposable income to the Plan:

          income tax return for 2025;
          pay stubs for months of March 2025 – August 2025 within 21 days.

        b. Pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, Debtors shall timely file all tax returns and make all tax payments and deposits when due. (However, if Debtors are not required to file tax returns, Debtors shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtors shall provide a complete copy of the tax return; including business returns if Debtors own a business, together with all related W-2's and Form 1099's to the Trustee within 14 days of filing the return. Unless otherwise consented to by the Trustee or ordered by the Court, Debtors shall turn over to the Trustee all tax refunds in addition to regular Plan payments, beginning with the tax year <u>2025</u>. Debtors shall not instruct the Internal Revenue Service or other taxing agency to apply a refund to the following year's tax liability.  **Debtors shall spend no tax refunds without first having obtained the Trustee's written consent or court approval.**

    4.       The Plan violates 11 U.S.C. §1325(a)(4) because it does not pay unsecured creditors the value of what they would receive in a case under Chapter 7.

        a. The Trustee hereby requests/has requested the following additional documents pursuant to the District-wide Administrative Order Prescribing Procedures for Chapter 13 Cases, to determine if the Debtors have met the best interests of creditors test:

        income tax return for 2025.

    5.       An Amended Plan must be filed because:

        a. The Plan payments do not provide for sufficient money to fund the Plan.

        /s/ Daryl J. Smith  
        Daryl J. Smith  
        Chapter 13 Standing Trustee  
        P.O. Box 25001  
        Bradenton, Florida 34206-5001  
        Phone: (941) 747-4644  
        Fax:    (941) 750-9266

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Trustee's Unfavorable Recommendation and Objections to Confirmation of the Plan has been furnished electronically by CM/ECF services and/or by U.S. Mail to **Randolph Clay and Monica Mills Clay**, Debtors, 3425 Sarto Ln., Rotonda West, FL 33947, **Laurie L. Blanton, Esquire**, Attorney for Debtors, c/o Holland Law Group, 1100 C South Tamiami Trail, Venice, FL 34285 and the **U.S. Trustee,** 501 East Polk Street, Suite 1200, Tampa, Florida 33602 on this 5th day of February 2026.

        /s/ Daryl J. Smith  
        Daryl J. Smith

DJS/ss