ORDERED.

**Dated:  March 09, 2026**

_____
Luis E. Rivera II
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**
www.flmb.uscourts.gov

In re:                                                          Case No. 2:25-bk-01779-FMR
                                                                   Chapter 13

Randolph Clay
Monica Mills Clay

        Debtor.[1]
_____/

**ORDER DENYING CONFIRMATION AND DISMISSING CASE**
(THIS ORDER IS EFFECTIVE ON THE 15th DAY FOLLOWING DATE OF ENTRY)

        THIS CASE came on for a duly-scheduled confirmation hearing on February 10, 2026, to consider confirmation of the proposed Chapter 13 Plan. The Court finds that the Debtor's Chapter 13 Plan, as filed, does not meet the requirements for confirmation and that dismissing this case is in the best interests of creditors and the estate.

        Accordingly, it is

        **ORDERED:**

        1.      The case is dismissed without prejudice effective on the 15th day following the date of entry of this Order.

        2.      If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a co-debtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

        **3.      Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.**

---

[1]  All reference to "Debtor" include and refer to both of the Debtors in a case filed jointly by two individuals.

4.      If Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against co-debtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

5.      All pending motions are denied and all pending hearings are canceled except for the following, over which the Court retains jurisdiction:  (a) motions for relief from stay that (i) were scheduled for hearing within fourteen (14) days of the date of this Order, or (ii) request an order binding upon the Debtor in subsequently filed cases; (b) any pending order to show cause for dismissal with prejudice; and (c) motions for sanctions arising from alleged violations of the automatic stay.

6.      Refund of Undisbursed Plan Payments if Case is Dismissed or Converted. If the case is dismissed or converted to a case under Chapter 7, Chapter 11, or Chapter 12, subject to the provisions of Paragraph 7 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

7.      Administrative Expense Claims if Case is Dismissed or Converted. If the case is dismissed or converted to a case under another chapter, holders of unpaid administrative expense claims, including Debtor's attorney, that seek payment in the Chapter 13 case must file their applications no later than 14 days after entry of the order dismissing or converting the case. Applications may be filed using the negative notice provisions of Local Rule 2004-2. No application is necessary for fees previously awarded by the Court.

8.      The Trustee shall thereafter file his final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

9.      Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive.  The Court shall retain jurisdiction for this purpose.

Trustee, Daryl J. Smith, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

DJS/KRM/ss                                                      C13T 03/09/26