**[Donci237]** [District Order Converting/Reconverting Case from Chapter 12/13 to Chapter 7]

ORDERED.

**Dated: March 31, 2026**

Luis E. Rivera II
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
www.flmb.uscourts.gov

In re:

Randolph Clay

Monica Mills Clay
aka Monica M Clay

_____Debtor*_____/

Case No.
2:25–bk–01779–FMR
Chapter 7

## ORDER CONVERTING CASE
## FROM CHAPTER 13 TO CHAPTER 7 AND SETTING DEADLINES

THIS CASE came on for consideration without a hearing on the Motion to Convert Case to Chapter 7 (the Motion) (Document No. 28) under § 1307 of the Bankruptcy Code. The Court finds that Debtor is eligible for relief under Chapter 7 of the Bankruptcy Code. Accordingly, it is

**ORDERED:**

1. The Motion is GRANTED. This case is converted to a case under Chapter 7 of the Bankruptcy Code.

2. Documents to be Filed. Within 14 days from the date of this Order, Debtor shall file a Chapter 7 Statement of Income (Means Test), a Statement of Intent, and any unfiled schedules or Statement of Financial Affairs required by Fed. R. Bankr. P. 1007, or the case may be dismissed without further notice.

3. Additional Claimholders. Within 14 days from the date of this Order, as required by Fed. R. Bankr. P. 1019, Debtor shall file a schedule of debts incurred after the commencement of the case and before the entry of this Order, including the name and address of each holder of a claim. If Debtor is represented by an attorney, the attorney shall upload the additional holders of claims via CM/ECF. Debtor or Debtor's attorney shall serve a copy of this Order and the attached Notice on each additional holder of a claim and shall file a proof of service with the Court. If the case is converted or reconverted after confirmation of a plan, Debtor shall also file a schedule of all properties acquired after the commencement of the case but before entry of the confirmation order, and a schedule of all executory contracts and unexpired leases entered into or assumed after the commencement of the case but before the entry of this Order.

4. <u>Filing and/or Conversion Fees</u>. Within 14 days from the date of this Order, Debtor shall pay unpaid filing fees in the amount of N/A and the $25.00 fee for converting the case, if not previously paid. Failure to pay overdue filing / conversion fees may result in dismissal of the case or the discharge being withheld. Payment shall be made by cashier's check or money order payable to

Clerk, U.S. Bankruptcy Court
Sam M. Gibbons United States Courthouse
801 North Florida Avenue
Suite 555
Tampa, FL 33602–3899

5. <u>Motions for Relief from Stay</u>. Pursuant to Local Rule 4001–1 (c)(5), any motion for relief from stay pending as of the date of this Order is abated until the movant files an amended motion for relief from stay in the converted case and serves it on the appropriate parties.

6. <u>Pending Hearings</u>. All hearings pending in the Chapter 13 case are canceled.

7. <u>Refund of Undisbursed Plan Payments</u>. Notwithstanding any other Court orders, subject to the provisions of Paragraph 8 and as soon as practicable, the Trustee shall refund to Debtor any undisbursed funds in the Trustee's possession after subtracting (a) any Trustee's Statutory Percentage Fee not previously disbursed, and (b) any allowed unpaid administrative expense claims, including Debtor's attorney's claim for fees, from the amount refunded to Debtor. The Trustee may remit payment to the holders of allowed administrative expense claims directly to the holders.

8. <u>Administrative Expense Claims</u> . Applications for unpaid administrative expense claims, including applications for Debtor's attorney's fees, must be filed no later than 14 days after entry of this Order. Applications may be filed using the negative notice provisions of Local Rule 2004–2. No application is necessary for fees previously awarded by the Court.

9. <u>Examination of Fees</u>. Debtor, the Trustee, or any party in interest may, within 14 days from the date of this Order, request the Court to examine the fees paid to Debtor's attorney and request disgorgement of any portion deemed excessive. The Court shall retain jurisdiction for this purpose.

10. <u>Trustee's Final Report</u>.  The Chapter 13 Trustee shall thereafter file the Trustee's final report. Upon filing the final report, the Trustee will be discharged from any further duties in this case.

Laurie Blanton is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and to file a Proof of Service within 3 days of entry of the Order.

...

*All references to "Debtor" refer to both debtors in a case filed jointly by two individuals.

### *NOTICE REGARDING CONVERSION TO CHAPTER 7*

1.   The U.S. Trustee has scheduled an additional meeting of creditors pursuant to 11 U.S.C. § 341, for **May 5, 2026,** at **02:00 PM**. **Meeting will be held via Zoom. Go to Zoom.us/join, enter meeting ID 942 250 7798, and passcode 3711553271, or call 727–857–8480**. Debtor must provide a Photo ID and acceptable proof of Social Security Number to the Trustee in the manner directed by the Trustee. The § 341 meeting may be adjourned from time to time without further written notice.

2.   The U.S. Trustee has appointed Chapter 7 Trustee:

Richard M Dauval
P.O. Box 7929
St. Petersburg, FL 33704

3.   July 6, 2026 is the last day for filing a complaint seeking an exception to discharge under 11 U.S.C. § 523(a)(2), (a)(4), or (a)(6). If no such complaint is timely filed, the discharge will be granted and will encompass debts that might not be subject to discharge.

4.   Please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the Clerk will send you another notice telling you that you may file a proof of claim and stating the deadline.

5.   Avoid Delays. You must show a photo I.D. to enter the Courthouse. You may not bring a cell phone or a computer into the Courthouse unless you are an attorney with a valid Florida Bar identification card or a pro hac vice order, or the presiding judge has entered a specific order authorizing you to bring your cell phone or computer into the Courthouse. See Rule 7.02 of the Local Rules of the United States District Court and Local Bankruptcy Rule 5073–1.